BaNxei, Judge.
 

 After stating the pleadings and proofs, proceeded as follows: — First, as to the agreement, it is proved as set forth in the bill by the deposition of the counsel; but the law of this court requires two witnesses to contradict the denial of the answer. The deposition of the defendant,
 
 Jones,
 
 has been taken, subject to all just exceptions. Can this deposition be legally read? The plaintiff seeks no decree against
 
 Moses Jones,
 
 and it appears that the said witness has no interest of his own to be affected by any decree that may be rendered against
 
 Bullock.
 
 The plaintiff in this case may examine as a witness any one of the defendants against whom there is no decree sought, and who is not concerned in interest. (2
 
 Mad. ch.
 
 416, 417-18.) This witness
 
 *370
 
 proves that
 
 Bullock
 
 agreed, in case the plaintiff would confess the judgments,that he would not hold him liable to pay more in discharge of the said confessed judgments, than the assets in his hands. This witness supports the first, and both establish the agreement as set forth in the bill.
 

 The second objection made by the defendant
 
 Bullock
 
 is, that it is a case where relief might have been had at law. The answer to this objection is, that although the plaintiff might have had an action at law, he could not have had as complete relief there, as in this court. It is necessary that an account should be taken, to ascertain whether the plaintiff had assets to pay all the judgments confessed, or what portion of the same. In a court of law, and especially in an action where the administrator of
 
 Gooch
 
 must be plaintiff, it will scarcely be practicable to take such an account with correctness, and this court affords peculiar facilities, and possesses proper jurisdiction in matters of account.
 

 Thirdly, the defendant alleges that the plaintiff has, or might have had assets to pay all the judgments, if he had used ordinary diligence in collecting the same.— The master has, by the consent of both parties, taken an account of the assets belonging to the estate of
 
 Gooch,
 
 that came to the hands of the plaintiff, and also an account of the judgments against the said administrator, and his other liabilities. The defendant has filed several exceptions to the report. On looking into the order of reference, it appears that the master was required to take an account of the amount of assets that came to the hands of the plaintiff, and also an account of the amount of judgments which had been rendered, against the administrator, their sums and dates. The master has charged the plaintiff only with such assets as actually came to his hands; lie does not appear to have charged him with any sums of money that may have been lost by the mismanagement or negligence of the plaintiff; nor does he report that there has been no loss on that account. The master has reported several judgments rendered against the plaintiff, after May Court, 1824, the
 
 *371
 
 timo wiien the plaintiff confessed the judgments as mentioned in the bill, and has given the plaintiff credit for the same. But it appears to us that the plaintiff was not entitled to be credited for any judgments rendered against him after the date when he confessed the judgments in court. The plaintiff might have barred all claims which were brought against him after May Court, 1824, by pleading the judgments which he had confessed in court against these claims. If he, through ignorance or negligence, omitted to plead the judgments which were had against him in court, to warrants or suits that were subsequently brought against him, it shall not operate to the injury of the defendant. The report, as it stands, cannot be easily rectified, and we think it best to set it aside altogether, and order another reference to the master, who will take an account of the amount of assets that actually came to the hands of the plaintiff as the aministrator of
 
 Gooch,
 
 or which might have been collected by him,if he had used ordinary care and diligence. The master will also take an account, and report what judgments or liens against the estate of Gooch,existed prior to May Court, 1824. Such judgments and liens the plaintiff will be credited with in his administration account, and no other, for after that daté, he had the power of barring all claims by pleading the judgments he had confessed in court, and if he did not do it, it was his own fault, and
 
 BulloGk
 
 shall not be prejudiced thereby.
 

 The report, therefore, is directed to be set aside, and the case is again referred to
 
 Thomas B. Littlejohn
 
 to take an account of the estate of
 
 Gooch
 
 that came to the plaintiff, or might have been obtained by his using ordinary diligence. The commissioner will also ascertain what judgments or legal liens existed against the plaintiff as administrator of
 
 Gooch,
 
 before the date when he confessed the judgments mentioned in the bill, viz: before May Court, 1824, of Granville county, and allow the plaintiff credit for such judgments and liens, and his expenses and reasonable commissions. The commissioner is also directed to report whether any .payments, and
 
 *372
 
 if so, what payments have been made on the judgments confessed, and by whom made, and what is due thereon to the plaintiffs respectively in the said judgments.
 

 Per Curiam — Direct an account.